J-A25015-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| A.F. AND S.M., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellees | : | |
| | : | |
| v. | : | |
| | : | |
| R.F. AND S.F., | : | |
| | : | |
| Appellants | : | No. 238 EDA 2014 |

Appeal from the Order entered December 20, 2013,
Court of Common Pleas, Bucks County,
Civil Division at No. A06-2009-62286-C-33

| | | |
|---|---|---|
| A.F. AND S.M., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellees | : | |
| | : | |
| v. | : | |
| | : | |
| R.F. AND S.F., | : | |
| | : | |
| Appellants | : | No. 1013 EDA 2014 |

Appeal from the Order March 21, 2014,
Court of Common Pleas, Bucks County,
Civil Division at No. A06-09-62286-C-33

BEFORE:  DONOHUE, WECHT and PLATT*, JJ.

MEMORANDUM BY DONOHUE, J.:　　　　　　**FILED OCTOBER 03, 2014**

Appellants, R.F. and S.F. ("Grandparents"), appeal from the trial court's orders dated December 20, 2013 and March 21, 2014, granting sole legal and physical custody of A.F. ("Child") to Appellees, A.F. and S.M. ("Parents"), and awarding Parents attorneys' fees and costs.

*Retired Senior Judge assigned to the Superior Court.

Pursuant to the Child Custody Act, a trial court must consider specific factors when entering or modifying a custody order:

**§ 5328. Factors to consider when awarding custody**

**(a) Factors.—**In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:

(1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

(2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S.A. § 5328(a).[1]

This Court has repeatedly emphasized that when making a determination involving custody issues, the trial court must address, at a minimum, **all** of the best interest factors under section 5328(a), plus any other factors it considers relevant. *See, e.g.*, *S.W.D. v. S.A.R.*, 96 A.3d

---

[1] Pursuant to the Act of Dec. 18, 2013, P.L. 1167, No. 107, § 1, the legislature added an additional factor, numbered 2.1, relating to consideration of child abuse and involvement with protective services. *M.E.V. v. F.P.W.*, 2014 PA Super 204, at 2 & n.2 (Pa. Super. September 19, 2014). Because the trial court granted sole legal and physical custody of Child to the Parents on December 20, 2013, and because the amendment adding section 2.1 did not become effective until January 1, 2014, factor 2.1 has no application in this case.

396, 401 (Pa. Super. 2014); *A.M.S. v. M.R.C.*, 70 A.3d 830, 835 (Pa. Super. 2013); *M.J.M. v. M.L.G.*, 63 A.3d 331, 335-36 (Pa. Super. 2013); *J.R.M. v. J.E.A.*, 33 A.3d 647, 652 (Pa. Super. 2011). This requires, at a minimum, an analysis of each factor, with appropriate discussion of the credible evidence introduced by the parties and articulation of the trial court's reasons for deciding that said factor favors one party or the other (or neither). As we just reiterated in *M.E.V.*, "[t]he best interests standard, decided on a case-by-case basis, considers all factors [that] legitimately have an effect upon the child's physical, intellectual, moral and spiritual well-being." *Id.* at 4 (quoting *Saintz v. Rinker*, 902 A.2d 509, 512 (Pa. Super. 2006)). Mere conclusory statements that the section 5328(a) factors were considered will not suffice. *E.D. v. M.P.*, 33 A.3d 73, 81 (Pa. Super. 2011).

In this case, in its written opinion pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, the trial court provides a detailed analysis of certain of the section 5328(a) factors, including principally those dealing with the sexual abuse of Child, false allegations of wrongdoing by Grandparents, Father's history of drug abuse, Mother's treatment for mental health issues, and the relative abilities of the parties to provide Child with a loving and stable home environment. Attention to these factors is both necessary and appropriate under section 5328(a), particularly given its instruction to provide weighted consideration to those factors that affect the safety of the child. The introductory language of section 5328(a) as a

whole, however, expressly requires consideration of all 15 listed factors (at a minimum), even when the trial court weighs certain of the factors more heavily than others.

Accordingly, while we are impressed by the depth of the trial court's concern for Child's safety and its comprehensive and thorough focus on these important factors, section 5328(a) nevertheless requires the trial court to address all of its listed factors *seriatim*. For the section 5328(a) factors not specifically discussed in the trial court's Rule 1925(a) opinion, it is not this Court's proper function to "scour the record in attempts to intuit the reasons supporting the trial court's findings." ***E.D.***, 33 A.3d at 81. Effective appellate review requires the trial court to "to state its reasoning and conclusions on the record for our review" with respect to every section 5328(a) factor. ***Id.***

Therefore, **within 30 days of the date of this memorandum decision**, the trial court shall supplement its current Rule 1925(a) written opinion to add a factor-by-factor analysis of all of the factors in section 5328(a), setting forth its reasons and relevant evidence with respect to each factor. The trial court need not repeat the analyses in its current written opinion, and may instead incorporate by reference as appropriate.

Case remanded. Jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/3/2014</u>